IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY AITKEN, et al.,<br><br>　　　　Defendants. | Case No. 13-0551 SC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

This civil rights action concerns the alleged two-day detainer of Plaintiff Luis M. Rodriguez ("Plaintiff") in a Sonoma County jail pursuant to a request by U.S. Immigration and Customs Enforcement ("ICE"). Plaintiff is now suing Steve Freitas ("Defendant") in his individual and official capacity as sheriff of Sonoma County for violations of 42 U.S.C. § 1983, the California Constitution, and the Bane Act, as well as for "false arrest/imprisonment" and negligence. Defendant now moves to dismiss. ECF No. 17 ("Mot."). The Motion is fully briefed, ECF Nos. 17 ("Opp'n"), 30 ("Reply"), and appropriate for determination without oral argument per Civil Local Rule 7-1(b). For the reasons

1  set forth below, the Motion is GRANTED.

3  **II.  BACKGROUND**
4    The following facts are taken from Plaintiff's First Amended
5  Complaint ("FAC") and judicially noticeable documents.  Plaintiff
6  was born in Mexico in 1984, but he has lived in the United States
7  since the age of eight.  ECF No. 16 ("FAC") ¶¶ 4, 12.  Plaintiff
8  became a U.S. citizen in 2001 by operation of the Child Citizenship
9  Act of 2000 ("CCA"), 8 U.S.C. § 1431.  Id. ¶ 14.
10   On May 4, 2012, the Superior Count of California, Sonoma
11 County (the "Superior Court") convicted Plaintiff of a misdemeanor
12 for violation of a protective order and sentenced him to ninety
13 days in the Sonoma County jail.  Id. ¶ 17.  Plaintiff alleges that,
14 in consideration of his family and work obligations, "the Superior
15 Court specifically allowed Plaintiff to serve his 90-day sentence
16 on weekends."  Id.  The Court takes judicial notice of the Superior
17 Court docket, which states that Plaintiff's sentence "[m]ay be
18 served on consecutive weekends."  ECF No. 18 (Request for Judicial
19 Notice ("RJN")) Ex. A at 3; see Lee v. City of Los Angeles, 250
20 F.3d 668, 690 (9th Cir. 2001) (district court may take judicial
21 notice of another court's opinion).
22   On the evening of Friday, May 25, 2012, Plaintiff checked into
23 the Sonoma County jail, expecting that he would be released at 7:00
24 p.m. on Sunday May 27, 2012 so that he could spend the Memorial Day
25 holiday with his family and return to work on Tuesday, May 29,
26 2012.  FAC ¶ 18.  On Saturday, May 26, 2012, ICE filed a Form I-247
27 with the Sonoma County jail, stating that ICE had initiated an
28 investigation to determine whether Plaintiff was subject to removal

2

and requesting that the jail detain Plaintiff. Id. ¶ 19. On the evening of Sunday, May 27, 2012, jail staff informed Plaintiff that he would not be released because he was the subject of an ICE "immigration detainer." Id. ¶ 20. The jail staff also informed Plaintiff that he would have to serve his entire ninety-day sentence without release, and then ICE would take custody of him for deportation proceedings. Id. Plaintiff protested that he could not be deported because he was a United States citizen, but the jail staff told him that he would need to take the issue up with ICE. Id. ¶ 21.

On Sunday evening, Plaintiff contacted his sister, Maria Moreno, who then brought Plaintiff's passport to the jail to prove that Plaintiff was a United States citizen. Id. ¶¶ 22-23. A clerk at the jail informed Ms. Moreno that there was nothing they could do and gave her a telephone number for ICE in San Francisco. Id. On Sunday and Monday, Ms. Moreno repeatedly called the numbers provided but was only able to reach a recording. Id. ¶ 24. On Tuesday morning, Ms. Moreno was able to reach an ICE agent, who took Plaintiff's name, date of birth, and passport number, and who said he would check into the case. Id. ¶ 25. Plaintiff's attorney also contacted ICE about the detainer at around 4:00 p.m. on Tuesday. Id. ¶ 26.

The jail released Plaintiff from detention at approximately 11:00 p.m. on Tuesday, fifty hours after the time Plaintiff expected to be released. Id. ¶ 28. Plaintiff alleges that, during this time, he was deprived of his freedom, separated from his family, and prevented from working. Id. ¶ 31. He also alleges that the fifty-hour detainer caused him to suffer substantial

emotional distress. Id.

Plaintiff filed an administrative complaint for $15,000 with the Sonoma County Board of Supervisors on June 25, 2012. Id. ¶ 32. The county rejected his complaint, stating that the jail is obligated to maintain individuals listed on immigration detainers based on federal regulations. Id. ¶ 33. Plaintiff subsequently filed this action against Defendant in his individual and official capacity as Sonoma County sheriff.[1] Plaintiff asserts claims for violation of 42 U.S.C. § 1983; unreasonable search and seizure in violation of the California Constitution, Article I, section 13; due process violations pursuant to California Constitution Article I, sections 7(a) and 15; violation of the Bane Act, Cal. Civ. Code § 52.1; "false arrest/imprisonment"; and negligence. Plaintiff prays for compensatory and punitive damages to be proven at trial, among other things.

Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

III. **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations,

---

[1] Rodriguez also brought Bivens claims against Timothy Aitken ("Aitken"), the director of the local ICE field office, and Kenneth Legaspi ("Legaspi"), a local ICE agent. The United States recently settled with Rodriguez, and Rodriguez agreed to release his claims against Aikten and Legaspi. ECF No. 32

4

a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 663 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery."  Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

    **A. 42 U.S.C. § 1983**

Plaintiff asserts a § 1983 claim against Defendant in his official and individual capacity as sheriff on the theory that Plaintiff's fifty-hour detainer from Sunday evening through Tuesday evening constituted an unreasonable seizure and deprivation of liberty in violation of his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.  FAC ¶ 39.  Plaintiff alleges that Defendant did not have probable cause to believe that he was not a citizen, and that Defendant detained him pursuant to Sonoma County's custom or policy of maintaining custody of the subject of an immigration detainer, despite the fact that the detainer is a

///

request made by ICE without any legal obligation.[2] Id. ¶¶ 37-38.

To state a claim against Defendant in his official capacity -- and thus to state a claim against Sonoma County -- Plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that Sonoma County had a policy, (3) that the policy amounts to deliberate indifference to Plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Defendant argues that Plaintiff has failed to plead facts supporting any of these four conditions.

The Court agrees that Plaintiff cannot plead that he was deprived of a constitutional right and therefore does not reach Defendant's other arguments. The basis of Plaintiff's § 1983 claim is that he was entitled to serve his ninety-day sentence during weekends. But the Superior Court sentencing order merely states that Plaintiff's sentence "[m]ay be served on consecutive weekends." RJN Ex. A. The use of the word "may" in the sentencing order gives Defendant the discretion to hold Plaintiff during weekdays. See Cal Gov. Code § 14 ("'Shall' is mandatory and 'may' is permissive."). Thus, Plaintiff did not have a right to be released on Sunday evening. Plaintiff argues that the word "may" gives permission to Plaintiff, not someone else, to determine when his sentence would be served. This argument is unpersuasive. The

---

[2] The parties dispute whether compliance with immigration detainers is in fact mandatory. Courts are split on this issue. Compare Buquer v. City of Indianapolis, 797 F. Supp. 2d 905, 911 (S.D. Ind. 2011) (detainer is a "voluntary request") with Rios-Quiroz v. Williamson Cnty., No. 3-11-1168, 2012 U.S. Dist. LEXIS 128237 at *9-12 (M.D. Tenn. Sept. 10, 2012) (detainer creates an obligation to maintain custody), and Galarza v. Szalczyk, No. 10-cv-06815, 2012 U.S. Dist. LEXIS 47023, at *52-62 (E.D. Penn. Mar. 30, 2012) (same). The Court need not reach the issue here.

6

notion that the Superior Court gave Plaintiff the discretion to dictate the time and manner of his sentence is simply not plausible. Because Plaintiff did not have a right to be released on the evening of Sunday, May 27, Plaintiff's fifty-hour detainer could not constitute a deprivation of his constitutional rights.[3]

For the same reason, the Court finds that Plaintiff cannot state a § 1983 claim against Defendant in his individual capacity. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Defendant's decision to hold Plaintiff through Tuesday evening did not violate a clearly established right because Plaintiff did not have a right to be released before that time.

For these reasons, Plaintiff's § 1983 claim is DISMISSED WITH PREJUDICE.

**B.   Plaintiff's State Law Claims**

Plaintiff also asserts state law claims for "unreasonable search and seizure" under Article I, section 13 of the California Constitution; due process violations under California Constitution Article I, sections 7(a) and 15; violation of the Bane Act; "false

---

[3] Plaintiff argues that an email from Kristin Long, his public defender in the Superior Court criminal proceedings, shows that he had a right to serve only weekends. ECF No. 27-1. Ms. Long's interpretation of the sentencing order is not binding on the Court. In any event, Ms. Long's email suggests that the jail has the discretion to deny weekend service. Id. ("Once the judge orders weekends, the client can expect to serve weekends unless they screw it up . . . . As a general matter, the jail does have some discretion to determine how people serve their sentences.").

7

arrest/imprisonment"; and negligence. Like Plaintiff's § 1983 claim, these state law claims are predicated on the notion that the detainer of Plaintiff between Sunday, May 27 and Tuesday, May 29 was unlawful. Accordingly, Plaintiff's state law claims fail for the same reason as his § 1983 claim. <u>See</u> Section IV.A <u>supra</u>. Under the Superior Court's sentencing order, Defendant had the discretion to detain Plaintiff during weekdays. Defendant cannot be held liable for exercising this discretion. Accordingly, Plaintiff's state law claims are DISMISSED WITH PREJUDICE.

**V.   CONCLUSION**

For the foregoing reasons, Defendant Steve Freitas's motion to dismiss is GRANTED and Plaintiff Louis M. Rodriguez's claims against Defendant are DISMISSED WITH PREJUDICE.

Dated: July 1, 2013                        _____
                                            UNITED STATES DISTRICT JUDGE

8